**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Benjamin | Merlin | Walter |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____
_____

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1  Debtors(s) will make regular payments to the trustee as follows:**

$ __300.00__  per __month__ for __60__ months
Insert additional lines if necessary.
If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor 1  Benjamin  Merlin  Walter  Case Number *(if known)* _____
         First Name  Middle Name  Last Name

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):_____.

**2.3 Income tax refunds**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☐ Debtor(s) will treat income tax refunds as follows:
_____
_____

**2.4 Additional payments.**

*Check one.*

☒ **None**. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____18,000.00_____.**

| **Part 3:** | **Treatment of Secured Claims** |

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Ocwen Loan Servicing, LLC | 118 W Park Ave, Unit A Sugar Grove IL 60554 - Primary Residence | $ 958.00<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | $ 0.00 | 0.00 % | $ 0.00 | $ 0.00 |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

Debtor 1  Benjamin    Merlin    Walter    Case Number *(if known)* _____
       First Name    Middle Name    Last Name

■ **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
(a)   payment of the underlying debt determined under nonbankruptcy law, or
(b)   discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Windsor West Townhome Assoc | $ 2,000.00 | 118 W Park Ave, Unit A Sugar Grove IL 60554 - Primary Residence | $ 190,000.00 | $ 150,000.00 | $ 2,000.00 | 0.00% | $ 50.00 | $ 2,000.00 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*

   ■ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.**

   *Check one.*

   ■ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

   *Check one.*

   ■ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __6.00__% of plan payments; and during the plan term, they are estimated to total $__1,080.00__.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $____4,000.00.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

   *Check one.*

   ☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

   ■ The debtor(s) estimate the total amount of other priority claims to be __$6,000.00__.

Debtor 1 ____Benjamin____ ____Merlin____ ____Walter____   Case Number *(if known)* _____
           First Name          Middle Name        Last Name

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $__4,666.00__.

☒ __10__% of the total amount of these claims, an estimated payment of $__3,990.30__.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.
☒ entry of discharge.
☐ other: _____.

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

Windsor West Townhome Assoc shall not receive pre-confirmation adequate protection payments, as the lien is not a PMSI.

Debtor 1    Benjamin      Merlin      Walter      Case Number *(if known)* _____
     First Name      Middle Name      Last Name

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if must sign below.*

✗ **/s/ Benjamin Merlin Walter**
    **Benjamin Merlin Walter**

Date: 02/02/2019

✗ **/s/ Andrew B. Nelson**      Date: 02/12/2019
Signature of Attorney for Debtor

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor 1  __Benjamin__  __Merlin__  __Walter__  Case Number *(if known)* _____
         First Name   Middle Name   Last Name

# Exhibit: Total Amount of Estimated Trustee Payments

*The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.*

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $ 0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $ 2,000.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $ 0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $ 0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $ 11,080.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $ 4,666.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $ 0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $ 0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $ 0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | $ 0.00 |
| | **Total of lines a through j** | $ 17,746.00 |

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                Case No. 19-03696-JSB
Benjamin Merlin Walter                                                Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: agalimba              Page 1 of 1              Date Rcvd: Feb 13, 2019
                              Form ID: pdf001             Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2019.
db          +Benjamin Merlin Walter,    118 W Park Ave,    Unit A,    Sugar Grove, IL 60554-2289
27531212    +Clerk, Third Mun Div,    Doc# 18M3008686,    2121 Euclid Ave #121,
              Rolling Meadows,IL 60008-1500
27531223    +Equifax,    Attn: Bankruptcy Dept.,    PO Box 740241,    Atlanta,GA 30374-0241
27531222    +Experian,    Attn: Bankruptcy Dept.,    PO Box 2002,    Allen,TX 75013-2002
27531214    +Kane County Clerk of Court,    Doc# 18SC3620,    PO Box 112,    Geneva,IL 60134-0112
27531225    +Kelly Walter,    5441 Fairmount Ave,    Downers Grove,IL 60515-5019
27531211    +Lavelle Law  Ltd,    1933 N Meacham Rd, Ste 600,    Schaumburg,IL 60173-4390
27531229    +Matthew L Moodhe,    Registered Agent for,    Windsor West Townhome Assoc,    175 N Archer,
              Mundelein,IL 60060-2301
27531220   ++SNAP ON CREDIT LLC,    950 TECHNOLOGY WAY,    SUITE 301,    LIBERTYVILLE IL 60048-5339
             (address filed with court: Snap-On Credit LLC,    Attn: Bankruptcy Dept.,    Po Box 506,
              Gurnee,IL 60031)
27531221    +Transunion,    Attn: Bankruptcy Dept.,    PO Box 1000,    Chester,PA 19016-1000
27531217    +Wells Fargo Dealer SVC,    Attn: Bankruptcy Dept.,    Po Box 1697,    Winterville,NC 28590-1697
27531224    +Windsor West TH,    C/O Association Chicagoland,    1225 Alma Rd,    Suite 100,
              Richardson,TX 75081-2298
27531227    +Windsor West Townhome Assoc,    C/o Associa Chicagoland,    PO Box 61955,    Phoenix,AZ 85082-1955

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27531215     +E-mail/Text: bk@blittandgaines.com Feb 14 2019 02:06:51     Blitt and Gaines, PC,
              Bankruptcy Dept.,    661 Glenn Ave.,    Wheeling,IL 60090-6017
27531213      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 14 2019 02:10:10
              Capital ONE BANK USA N,    Attn: Bankruptcy Dept.,    15000 Capital One Dr,    Richmond,VA 23238
27531219     +E-mail/Text: bankruptcydpt@mcmcg.com Feb 14 2019 02:07:21     Citibank N.A.,
              C/O Midland Funding,    2365 Northside Dr Ste 30,    San Diego,CA 92108-2709
27531218     +E-mail/Text: bankruptcy_notifications@ccsusa.com Feb 14 2019 02:09:01
              Credit Collection SVCS,    Attn: Bankruptcy Dept.,    Po Box 9134,    Needham,MA 02494-9134
27531216     +E-mail/Text: bncnotices@becket-lee.com Feb 14 2019 02:06:29     Kohls/Capone,
              Attn: Bankruptcy Dept.,    N56 W 17000 Ridgewood Dr,    Menomonee Falls,WI 53051-7096
27531228     +E-mail/Text: NDAILY@KSNLAW.COM Feb 14 2019 02:06:56     Kovitz Shifrin Nesbit,
              Bankruptcy Dept.,    175 N. Archer Ave,    Mundelein,IL 60060-2301
27531231     +E-mail/Text: bankruptcydpt@mcmcg.com Feb 14 2019 02:07:21     Midland Credit Management,
              Bankruptcy Department,    2365 Northside Dr,    Suite 300,    San Diego,CA 92108-2709
27531226     +Fax: 407-737-5634 Feb 14 2019 02:39:11     Ocwen Loan Servicing, LLC,    Bankruptcy Dept,
              1661 Worthington Rd Ste 100,    West Palm Beach,FL 33409-6493
27531230     +E-mail/Text: ecfbankruptcy@progleasing.com Feb 14 2019 02:07:45     Progressive Leasing,
              256 West Data Drive,    Draper,UT 84020-2315
                                                                                               TOTAL: 9

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

---

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 15, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 12, 2019 at the address(es) listed below:
              Andrew B Nelson    on behalf of Debtor 1 Benjamin Merlin Walter ndil@geracilaw.com
              Glenn B Stearns    stearns_g@lisle13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 3